**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JOSEPH WAGNER,**

         **Plaintiff,**     Civil Action No.

-against-               **COMPLAINT**

**MIDLAND FUNDING LLC, and**
**MIDLAND CREDIT MANAGEMENT, INC.,**

         **Defendants.**

---

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for the violation by Defendants of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  The debt sought to be collected by Defendants was an alleged consumer credit debt of Joseph Wagner to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Joseph Wagner (hereinafter "Wagner") is a natural person residing in the County of Monroe at 152 Cross Gates Road, Rochester, New York 14606.

4. Upon information and belief, Defendant Midland Funding LLC (hereinafter called "Midland Funding") is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5. Upon information and belief, Defendant Midland Credit Management, Inc. (hereinafter called "Midland Credit") is a foreign business corporation organized pursuant to the laws of Kansas engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

6. Midland Credit acts as a debt collector for Midland Funding, and upon information and belief, Midland Funding and Midland Credit are affiliates.

7. Defendants Midland Funding and Midland Credit are debt collectors as defined by FDCPA, 15 U.S.C. § 1692a(6), as persons who use one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed to another or, in the case of Midland Funding, allegedly owed to itself as a debt buyer/debt collector as a result of the alleged purchase of consumer credit debt already in default at the time of purchase.

8. Plaintiff qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

## IV. FACTUAL ALLEGATIONS

9. On March 27, 2015, Wagner, by his attorney, David M. Kaplan, Esq., duly interposed an answer and discovery requests by first class mail to a complaint in a lawsuit against him in Rochester City Court, Rochester, New York, commenced by Midland Funding. The lawsuit is entitled *Midland Funding LLC A/P/O HSBC BANK NEVADA, N.A. v. Joseph Wagner,* CV-000878-15/RO, and seeks to collect $959.31 on an account Midland Funding had allegedly purchased in which HSBC Bank Nevada, N.A. was the original creditor. According to the Summons in the City Court action, the original account ended in the numbers 1460.

10. Wagner's answer in the Rochester City Court action, which contained the name and address of his attorney, denied the allegations of the complaint and raised various affirmative defenses.

11. In May of 2015, well after Wagner had obtained legal representation in the Rochester City Court action and interposed an answer by his attorney, Wagner received from Midland Credit on behalf of Midland Funding a collection letter dated May 5, 2015, in which Defendants stated that there was a balance due of $1,112.99 on the account originally owned by HSBC Bank Nevada, N.A., with original account number 5213 3245 5704 1460.

12. Wagner then received a second collection letter in June of 2015 dated June 17, 2015, in which Defendants Midland Funding and Midland Credit stated that Wagner owed a balance of $1,112.99 on the account originally owned by HSBC Bank Nevada, N.A., with original account number 5213 3245 5704 1460.

13. Neither Wagner nor his attorney gave consent directly to either of

Defendants to communicate with Wagner after Wagner obtained an attorney to represent him with regard to the collection lawsuit in Rochester City Court.

14. Defendants knew or should have known that Wagner was represented by an attorney with respect to the debt within a matter of several days or at most a week after the answer in the Rochester City Court action was served on March 27, 2015.

15. The amount claimed to be due in each of the two collection letters ($1,112.99) exceeded the amount claimed to be due in the Rochester City Court collection complaint ($959.31).

16. In addition, Wagner received both collection letters well after Defendants were aware that Wagner was represented by an attorney with respect to the debt sought to be collected.

### V. CLAIM FOR RELIEF

17. Plaintiff repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

18. Defendant debt collectors Midland Funding and Midland Credit both violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the debt alleged to be owed by Plaintiff in the May 5, 2015 and June 17, 2015 collection letters, each of which claimed the amount due as $1,112.99, while the collection complaint filed by Midland Funding claimed the amount due to be $959.31.

19. Defendants Midland Funding and Midland Credit also violated 15 U.S.C. § 1692f(1) by attempting in the May 5, 2015 and June 17, 2015 collection letters to collect an amount not expressly authorized by any agreement or permitted by law.

20. Defendants Midland Funding and Midland Credit additionally violated 15 U.S.C. § 1692c(a)(2), which prohibits communication to the consumer by a debt collector without the prior consent of the consumer given directly to the debt collector "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." By the time the May and June collection letters were sent by Defendants, Defendants knew or should have known the name and address of Wagner's attorney by virtue of the answer served in Midland Funding's Rochester City Court collection lawsuit on March 27, 2015, by first class mail.

21. As a result of the violations of 15 U.S.C. §§ 1692c, 1692e and 1692f by Defendants Midland Funding and Midland Credit, Plaintiff is entitled to actual damages for emotional distress and attorney fees for defending the Rochester City Court collection action, statutory damages, attorney fees, and costs and disbursements of this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against each of Defendants awarding Plaintiff actual damages for emotional distress and attorney fees for defending the Rochester City Court collection action, statutory damages of $1,000.00, attorney fees for prosecuting this action, costs and disbursements of this action, and such other and further relief as may be deemed just and proper.

### *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands trial by jury in this action.

Dated: August 11, 2015

                                            Respectfully submitted,

                                            <u>s/David M. Kaplan</u>
                                            David M. Kaplan
                                            Attorney for Plaintiff
                                            2129 Five Mile Line Road
                                            Penfield, NY 14526
                                            585-330-2222
                                            dmkaplan@rochester.rr.com